

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

September 12, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Zoa Briggs*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on September 16, 2014, at 4:30 p.m.  For the reasons explained below, the Government respectfully submits that a sentence of between 37 and 46 months' imprisonment be imposed at sentencing, as reflected in the parties' plea agreement.

### Background

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York.  At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller.  The Government made plea offers based on these classifications.  The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a

lower drug weight.  Within these broad categories, the Government also considered a defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

### The Defendant's Conduct

The defendant, Zoa Briggs, was a street seller of crack, placing him in the lower-tier of defendants.  The defendant's involvement in the Briggs Avenue Organization was of relatively limited duration and scope even compared to his co-defendants in the lower tier, which led to the Government agreeing to extend a plea agreement with a lower Guidelines drug weight (at least 22.4 grams but less than 28 grams of cocaine base) than that for other pitchers.  The defendant was also involved in other less significant criminal activities during the time period of the charged conspiracy, including selling counterfeit DVDs and MetroCard swipes, which is reflected in his criminal history.

### The Defendant's Offense Level and Criminal History

Pursuant to defendant's plea agreement, the defendant's Guidelines Offense level is 21, and he has six criminal history points, resulting in a Criminal History Category of III, and a Guidelines range of 46 to 57 months' imprisonment.  As noted in the plea agreement, the Government has taken the position that a two-level downward variance pursuant to the current policy of the Department of Justice that such a variance is generally warranted from the offense level specified in Section 2D1.1(c) of the November 1, 2013 version of the Guidelines manual, is appropriate, which would result in a Guidelines range of 37 to 46 months' imprisonment.

In the Presentence Report, the Probation Department takes the position that the defendant has eight criminal history points, rather than the six points assigned in the plea agreement, because the defendant committed the instant offense while under a criminal justice sentence of conditional discharge.  The defendant argues in his sentencing submission that these two additional points are not warranted.  The Government takes no position on whether those two additional criminal history points are appropriate here.  In light of the parties' plea agreement, and the nature of the defendant's offense conduct and prior convictions, the Government submits that a sentence of between 37 and 46 months' imprisonment is appropriate in this case.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:  _____
Jared Lenow/Jessica Masella
Assistant United States Attorneys
(212) 637-1068/2288

cc:   Joshua Klein, Esq. (by email)